UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

ELAINE L. CHAO, Secretary of Labor
United States Department of Labor,

Plaintiff,

v.

OCEAN STATE PEELED POTATO, INC.

and

EMILIO CARDILLO,

Defendents.

CIVIL ACTION

FI CA 07 240 S

COMPLAINT

Plaintiff brings this action to enjoin defendants Ocean State Peeled Potato, Inc. and Emilio Cardillo from violating the provisions of sections 7 and 11 of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, 29 USC 201), hereinafter called the Act, and to recover unpaid wages and liquidated damages pursuant to the provisions of sections 15(a)(2) and 16(c) of the Act.

I.

Jurisdiction of this action is conferred upon the Court by section 17 of the Act and by 28 USC 1345.

II.

Defendant Ocean State Peeled Potato, Inc. is, and at all times hereinafter mentioned was, a corporation having an office and place of business at 1587 Plainfield Pike, Johnston, RI 02919, within the jurisdiction of this Court and is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere, in the operation of a potato peeling business.

III.

Defendant Emilio Cardillo resides at 412 Tunkhill Road, Hope, RI 02831, within the jurisdiction of this Court and is now, and at all times hereinafter mentioned was, president and owner of the aforesaid corporation and as such actively manages, supervises and directs the business affairs and operations of said corporation. This defendant has acted at all times material herein directly and indirectly in the interest of said corporation in relation to its employees and was, and is, therefore, an employer of said employees within the meaning of the Act.

IV.

Defendants are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business purpose, and they are, and at all times hereinafter mentioned were, an enterprise within the meaning of section 3(r) of the Act.

V.

At all times hereinafter mentioned, defendants employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s).

VI.

Defendants have willfully and repeatedly violated and are violating the provisions of section 7 and 15(a)(2) of the Act by employing employees for workweeks longer than forty (40 ) hours without compensating them for their employment in excess of forty (40) hours in said workweeks, at rates not less than one and one-half times the regular rate at which they were employed.

VII.

Defendants have willfully and repeatedly violated and are violating the provision of section 11(c) and 15(a)(5) of the Act in that defendants have failed to make, keep and preserve adequate and accurate records of employees' wages, hours, and other conditions and practices of employment as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 CFR 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to many employees and the regular rates at which they were employed.

VIII.

During the period since November 2003, defendants have willfully and repeatedly violated and are violating the aforesaid provisions of the Act, as alleged, and a judgment enjoining such violation is expressly authorized by section 17 of the Act.

WHEREFORE, cause having been shown, plaintiff prays judgment permanently enjoining and restraining defendants, defendants' agents, servants, employees, and those persons in active concert or participation with them, or acting in their interest and behalf, from violating the provisions of sections 7 and 11 of the Act, and costs.

IX.

During the period since November 2003, defendants have willfully and repeatedly violated and are violating the aforesaid provisions of the Act. An award of actual and liquidated damages is specifically authorized by section 16(c) of the Act.

WHEREFORE, cause having been shown, plaintiff demands judgment ordering payment of unpaid wages found by the Court to be due the employees listed in the attached Exhibit A, plus an equal amount as liquidated damages and costs.

Jonathan L. Snare
Acting Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

James Glickman
James Glickman
Senior Trial Attorney

U.S. Department of Labor
Attorneys for Plaintiff

Date: June 27, 2007

Post Office Address:
U.S. Department of Labor
Office of the Regional Solicitor
JFK Federal Building - Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

EXHIBIT A

Chach, Julio

Chico, Eulalio

Cumar, Eusebio

DeLeon, Adalia

DeLeon, Jackeline

DeLeon, Ross

DeLeon, Jafia

Esvin, Mota

Gomez, Reginaldo

Gonzalez, Javier

Gonzalez, Marta

Gonzalez, Victor

Ixcuna, Ana

Marcario, Diego

Monterroso, Gerber

Ramos, Domingo

Ramos, Glenda

Valaquez, Beatriz