UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

ELAINE L. CHAO, SECRETARY OF LABOR,
United States Department of Labor,

Plaintiff,

v.

OCEAN STATE PEELED POTATO, INC.,
and EMILIO CARDILLO,

Defendants.

CIVIL ACTION

FILE NO. 07-240ML

**PLAINTIFF'S PRE-TRIAL CONFERENCE STATEMENT**

Plaintiff Elaine L. Chao, Secretary of Labor, U.S. Department of Labor, submits this Statement in advance of the Court's September 12, 2007 Pre-Trial Conference, pursuant to the Court's August 16, 2007 Notice of Pre-Trial Conference.

The Wage and Hour Division of the U.S. Department of Labor ("Wage and Hour Division") conducted an investigation of defendants potato peeling business, which is operated in a warehouse in Johnston, Rhode Island, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "Act"). The operation consists of defendants' employees peeling potatoes by hand. The Wage and Hour Division found that defendants failed to pay overtime to 18 hourly-paid employees for hours worked over 40 per workweek. Defendants' failure to properly compensate these employees results in overtime back wages due in the amount of $31,347 as of November, 2005, the end of the two-year investigatory period.

Specifically, defendants failed to pay overtime to employees who regularly worked approximately 48 hours per week. Most or all of the overtime hours are the result of defendants' regular practice of having the employees come in on Saturdays to work, in addition to their Monday through Friday hours worked.[1] Defendants paid employees in cash for the Saturday hours at their regular rate of $6.75 per hour. Defendants paid employees by check for the Monday through Friday work at this pay rate. The employer did not pay overtime to their employees, even though employees worked in excess of 40 hours per week, in violation of Section 7 of the Act.

Defendants did not record the Saturday hours (or any other overtime hours) or cash payments on their payroll system, which pertains solely to hours worked on Mondays through Fridays. The Saturday work and cash payments was in no way apparent from Wage and Hour's review of defendants' payroll records, which showed no overtime hours worked. The Wage and Hour Division only learned of the Saturday work and cash payments through subsequent investigatory work. Pursuant to Section 11 of the Act, regulations at 29 C.F.R. Part 516 require employers to maintain records of hours worked and compensation paid to employees. By paying employees in unrecorded cash amounts for Saturday hours worked and by refraining from recording these hours in any record shown to the Wage and Hour Division, defendants attempted to evade detection of their failure to pay overtime to its workers.

Defendants contend that plaintiff's back wage calculations are inaccurate. Since defendants kept false, inaccurate and/or incomplete records, plaintiff may present evidence of the work performed and the extent of the back wages owed by a just and reasonable inference, even if not precise. It is then up to defendants to satisfy their burden of production by evidence, for

---

[1] Although the parties appear to disagree whether the Saturday work was required of employees or not, in either case the work was suffered or permitted by defendants and overtime is owed as a result of the work performed.

example accurate records, which may demonstrate the back wages due. See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

On June 28, 2007, plaintiff filed her Complaint in this action. The Complaint seeks an injunction restraining defendant from violating the overtime and recordkeeping provisions of the Act, and an order requiring the payment of unpaid wages due and an equal amount in liquidated damages, under Sections 17 and 16(c) of the Act. The Complaint alleges that the violations are willful violations under the Act, due in part to defendants' unrecorded cash payments and purposefully inaccurate payroll records which concealed the failure to pay overtime. The Portal-to-Portal Act provides a three-year statute of limitations for willful violations, rather than a two-year period. Finally, the Complaint names as defendants the corporation Ocean State Peeled Potato, Inc., as well as its president and owner, Mr. Emilio Cardillo, who employed the workers and was involved in the violative conduct.

Respectfully submitted,

Jonathan L. Snare
Acting Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

*/s/ James Glickman*
James Glickman
Senior Trial Attorney

U.S. Department of Labor
Attorneys for Plaintiff

Date: August 31, 2007

Post Office Address:
U.S. Department of Labor
Office of the Regional Solicitor
JFK Federal Building - Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

CERTIFICATE OF SERVICE

I hereby do certify that I served the foregoing PLAINTIFF'S PRE-TRIAL CONFERENCE STATEMENT on the 31st day of August 2007, by placing one copy of same in a postage-paid envelope addressed to:

Seth Perlmutter, Esquire
Perlmutter Law
949 Park Avenue
Cranston, RI 02910

the last known address, and depositing same in the United States Mail at Boston, Massachusetts.

*/s/ James Glickman*