UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

RECEIVED
OCT 22 2007
Property of U.S. District Court
District of Rhode Island

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

Plaintiff,

v.

OCEAN STATE PEELED POTATO, INC.
and EMILIO CARDILLO,

Defendants.

CIVIL ACTION

FILE NO. 1:07-CV-240

CONSENT JUDGMENT

Plaintiff having filed a complaint and defendants having appeared, received a copy thereof, waived service of process and, without admitting liability, and to avoid further litigation, agreed to the entry of this judgment without contest.

It is, therefore, ORDERED, ADJUDGED and DECREED that defendants, their agents, servants, employees, and all persons acting or claiming to act in their behalf and interest be, and they hereby are, enjoined and restrained from violating the provisions of the Fair Labor Standards Act, as amended (29 USC 201 et seq.), hereinafter referred to as the Act, in the following manner:

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours,

unless such employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

Defendants shall not fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 C.F.R.516.

Further, the Court finding as agreed to by the defendants that certain employees are due compensation in the amount of $24,150.00 as shown on attached "Exhibit A" which is incorporated in and made a part hereof, it is

ORDERED, ADJUDGED and DECREED that the defendants are restrained from withholding payment of said compensation.

Defendants represent that they have been in compliance with the Act since January 1, 2006. In resolving the amount of back wages in this Consent Agreement, the plaintiff has relied on this representation, and accordingly, the back wage provisions of this judgment shall have no effect upon any back wages which may have accrued since that date.

The back wage provisions of this judgment shall be deemed satisfied when on or before October 26, 2007, the defendants deliver to the persons listed in "Exhibit A", attached hereto, the respective sums set opposite their names, less deductions for each employee's share of social security and withholding taxes.

The defendants shall further provide plaintiff, on or before October 26, 2007, with a copy of the payroll or a copy of the checks used to disburse the back wages and a statement attesting to the fact that such payment has been made.

Any back wage checks which cannot be distributed to the employees named in "Exhibit A", or to their estates if that be necessary because of inability of the parties to locate the proper persons, or because of such person's refusal to accept such sums, shall be redrafted in the total

net amount due to all such unlocatable employees and made payable to "Wage and Hour Division - Labor". Such checks shall then be forwarded immediately to plaintiff along with a list of unlocatable employees, their social security numbers, last known addresses, gross amounts due and net amounts due. When recovered wages have not been claimed by the employee within three years, the Secretary of Labor shall deposit them into the United States Treasury as miscellaneous receipts, pursuant to 29 U.S.C. 216(c).

Defendants shall not, under any circumstances, accept and keep any amount returned to them by a person owed compensation under this judgment. Any such amount shall be immediately paid to the plaintiff as above.

It is further ORDERED, ADJUDGED and DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Dated October 24, 2007.

Mary M. Lisi
Hon. Mary M. Lisi
United States District Judge

Defendants hereby consent to
the entry of this judgment.

OCEAN STATE PEELED POTATO, INC.

By Emilio Cardillo

EMILIO CARDILLO

By Emilio Cardillo

Plaintiff moves for entry of
this judgment:

Jonathan L. Snare
Acting Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

James Glickman
James Glickman
Senior Trial Attorney

U.S. Department of Labor
Attorneys for Plaintiff